1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

Anthony Barone, Jr.,

               Plaintiff,

   v.

Aaron Ford, et al.,

               Defendants.

Case No. 2:24-cv-00130-JAD-BNW

**Order and
Report and Recommendation**

Plaintiff is proceeding pro se under 28 U.S.C. § 1915 and has filed an application to proceed *in forma pauperis*. ECF No. 1. Plaintiff also submitted a complaint. ECF No. 1-1.

**I.**    ***In forma pauperis* application.**

Plaintiff has filed the application required by § 1915(a). ECF No. 1. Plaintiff has shown an inability to prepay fees and costs or to give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now screen Plaintiff's complaint.

**II.**    **Screening standard.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of pro se pleadings is required after *Twombly* and *Iqbal*).

**III.    Screening**

**1.  Summary of allegations**

Plaintiff Anthony Barone had been the caretaker and guardian for Nicholas Sarnelli, a veteran, for many years. In his complaint, he alleges he and Sarnelli have been denied various constitutional rights during guardianship proceedings in state court by several defendants. Judge Linda Marquis, who is a named defendant, presided over the case. He also names the Attorney General's Office, Legal Aid of Southern Nevada, and Michael Kostrinsky (an attorney for Legal Aid) as defendants based on their actions during the state court proceeding.[1] He also names Sonja

---

[1] While he names Nevada Guardianship Services, LLC as a defendant, Plaintiff does not plead any allegations against it. As a result, the Court recommends that Nevada Guardianship Services, LLC be dismissed with leave to amend.

Jones, who appears to have some connection to the Nevada Supreme Court, and Nevada Guardianship Services, LLC, as defendants.

Separately, Plaintiff alleges the Veteran Administration Office should not have allowed the state court to handle this matter and also complains of retaliatory acts.

Plaintiff seeks the following relief:

- Enjoining Judge Marquis and Legal Aid of Southern Nevada from any further action on the guardianship case
- A change of venue in the guardianship case
- A preservation order in relation to the guardianship case
- Monetary damages

**2.  Plaintiff cannot represent Nicholas Sarnelli**

At the outset, given Plaintiff is proceeding pro se, he cannot represent another Plaintiff. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself."). As a result, the Court will recommend that Plaintiff Nicholas Sarnelli be dismissed from the case. Next, the Court will summarize and analyze each claim below.

**3.  Claims under 42 U.S.C. § 1983**

Many of Plaintiff's claims are based on Title 42 U.S.C. § 1983, which provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."  Section 1983 does not create any substantive rights but provides a method for enforcing rights contained in the Constitution or federal statutes. *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotations omitted).

1

## Claim 1 (against Defendants Marquis and Aaron Ford)

2       Plaintiff alleges that Judge Linda Marquis issued subpoenas for his personal banking

3   records. Although not too clear, it appears he takes issue with the fact that the Attorney General's

4   Office (Aaron Ford)[2] defended the issuance of these subpoenas. In turn, he alleges he has been

5   denied his Fourteenth Amendment's due process right.

6       While he names both Aaron Ford and Judge Marquis, he does not allege any facts to

7   support how Aaron Ford's office deprived him of his due process right. That is, even if the Office

8   of the Attorney General defended the issuance of these subpoenas, the deprivation of due process,

9   if any, has to do with his allegation that *Judge Marquis* did not allow him to participate in the

10  process—not with the Attorney General's defense of such issuance. As a result, the Court

11  recommends that this claim be dismissed against Aaron Ford with prejudice.

12      Regarding Judge Marquis, judges are generally accorded absolute immunity if their acts

13  are performed in their official capacities." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922

14  (9th Cir. 2004). Judicial immunity applies to claims arising under § 1983. *Agnew v. Moody*, 330

15  F.2d 868, 870 (9th Cir. 1964). Judicial immunity is subject to certain limitations: "[j]udges are not

16  immune from suit where (1) their actions do not constitute a judicial act, and (2) they have acted

17  in the 'clear absence of all jurisdiction.'" *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57

18  (1978)).

19      "To determine if a given action is judicial . . . , courts focus on whether (1) the precise act

20  is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy

21  centered around a case then pending before the judge; and (4) the events at issue arose directly

22  and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman v.*

23  *Pope*, 793 F.2d 1072, 1075–76 (9th Cir. 1986). "To determine if the judge acted with jurisdiction,

24  courts focus on whether the judge was acting clearly beyond the scope of subject matter

25

26  ---
    [2] Although Plaintiff names Aaron Ford as a defendant, it is not clear whether he intends to sue the State of
    Nevada, Aaron Ford himself, or an attorney working at the Attorney General's Office. *See* ECF No. 1-1 p.
27  3. Since the Court is recommending the dismissal of this claim, it will not delve into the separate concerns
    that might arise depending on who it is that Plaintiff intends to sue when naming Aaraon Ford as a
28  defendant.

jurisdiction in contrast to personal jurisdiction." *Id.* at 1076. Judges have been found to retain immunity even when they misinterpret the law or when their actions are erroneous and malicious. *See Wilson v. Ayers*, No. 2:07-CV-01283-LRH-LRL, 2009 WL 1940102, at *2 (D. Nev. July 7, 2009), *aff'd*, 470 F. App'x 654 (9th Cir. 2012) (collecting cases).

Even liberally construing Plaintiff's claim, the court finds that the claims against Judge Marquis are barred by judicial immunity. Judge Marquis' actions constituted judicial acts because they were taken as part of her normal function as a state court judge; the events related to a case pending before her; and her acts were done in her official capacity. Plaintiff does not allege facts indicating that Judge Marquis' actions were not judicial acts or that she acted in clear absence of all jurisdiction. Given that Plaintiff's claim is barred by judicial immunity, it does not appear that additional factual allegations would overcome immunity. As a result, the Court recommends that this claim against Judge Marquis be dismissed with prejudice.

**Claim 2**

Plaintiff asserts he was denied his Sixth Amendment rights. He alleges Defendants Legal Aid of Southern Nevada, Michael Kostrinsky, Sonja Jones, and Aaron Ford, conspired with each other and presented false reports to Judge Marquis. In turn, he alleges Judge Marquis ignored the evidence he presented, which resulted in an order divesting him of his inability to continue overseeing and disbursing the assets belonging to his nephew, Sarnelli.

But the Sixth Amendment applies only to criminal prosecutions. *United States v. 1995 Jeep Cherokee*, 168 F.3d 503 (9th Cir. 1999). As a result, the Court recommends this claim be dismissed with prejudice.

**Claim 3**

Plaintiff alleges defendants Michael Kostrinsky and Legal Aid violated his due process rights and equal protection rights by not following the Nevada Rules of Professional Conduct and other rules. But he does not provide facts to explain what the violations were or how such alleged violations impinge on those specific constitutional rights. Moreover, §1983 does not proscribe private conduct and this claim is against a private agency and one of his employees. *See Aasum v.*

*Good Samaritan Hospital*, 542 F.2d 792, 794 (9th Cir. 1976). As a result, the Court recommends that this claim be dismissed with prejudice.

### Claim 4

Plaintiff alleges he filed a motion for sanctions, but that Judge Marquis falsely claimed Plaintiff did not request a hearing in order to avoid addressing the motion. In turn, he alleges his due process and equal protection rights were violated. While he names both Aaron Ford and Judge Marquis as defendants, he does not allege any facts to support how Aaron Ford's office deprived him of his due process right. And the heart of his allegations is focused on Judge Marquis' actions—not Aaron Ford's. Thus, Aaron Ford is not a proper defendant as to this claim. In addition, as explained above, this claim against Judge Marquis is barred by principles of judicial immunity. As a result, the Court recommends that this claim be dismissed with prejudice.

### Claim 5

Plaintiff alleges that Judge Marquis and Aaron Ford violated his due process rights and equal protection rights by not following the rules of judicial conduct. But Plaintiff does not provide facts to explain how he arrives at that conclusion. Moreover, it is not clear how Aaron Ford (or his office) could be held responsible for not following the rules of judicial conduct. Lastly, this claim against Judge Marquis is barred by principles of judicial immunity. As a result, the Court will recommend that this claim be dismissed with prejudice.

### Claim 6

Plaintiff alleges he presented a complaint about Judge Marquis to the Nevada Commission of Judicial Discipline and that they refused to take action. In turn, he alleges those in the commission (John and Jane Does) violated his right to equal protection.

"Bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). In addition, "the Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that

all persons similarly situated should be treated alike." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (internal quotations omitted) (citing *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). To demonstrate a §1983 claim for a Fourteenth Amendment equal protection violation, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee*, 250 F.3d at 686 (internal quotations omitted). Plaintiff does not explain which protected class is at play. As a result, he has not properly pled this claim. The Court recommends that this claim be dismissed with leave to amend.

**Claim 7**

Plaintiff alleges, in conclusionary fashion, that Michael Kostrinsky bribed Judge Marquis, resulting in unfavorable rulings to Plaintiff. In turn, also in conclusionary fashion, he claims this violated his due process and equal protection rights. As explained above, formulaic recitation of the elements of a claim "are not entitled to an assumption of truth." *Moss*, 572 F.3d at 969. Moreover, he has not pled facts to suggest that Michael Kostrinsky was acting under color of state law. As a result, the Court recommends this claim be dismissed with leave to amend.

**4. Bivens claims**

"To state a claim for relief under *Bivens*, a plaintiff must allege that a federal officer deprived him of his constitutional rights." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). Although the Supreme Court has not "dispense[d] with *Bivens* altogether," it has "emphasized that recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.'" *Egbert v. Boule*, 596 U.S. 482, 491 (2022) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017)). In *Ziglar*, the Supreme Court set forth a two-part test to determine whether a *Bivens* claim may proceed: a court first must consider whether the claim at issue extends *Bivens* in a new context from previously established *Bivens* cases, and, if so, a court must then apply a "special factors analysis" to determine whether there are "special factors counselling hesitation" in expanding *Bivens*. *Ziglar*, 582 U.S. at 136. A *Bivens* action may constitute a new context depending on, for example:

the rank of the officers involved; the constitutional right at issue; the generality or

specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous Bivens cases did not consider.

*Id*. at 140.

However, these two steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 596 U.S. at 492. A court "must ask only whether it, rather than the political branches, is better equipped to decide whether existing remedies 'should be augmented by the creation of a new judicial remedy.'" *Id*. at 493. "The question is 'who should decide' whether to provide for a damages remedy, Congress or the courts? The answer most often will be Congress." *Ziglar*, 582 U.S. at 135.

As to the three cases that the Supreme Court has allowed to proceed under *Bivens*, it has summarized those three cases as follows:

In *Bivens v. Six Unknown Fed. Narcotics Agents*, the Court broke new ground by holding that a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents even though no federal statute authorized such a claim. The Court subsequently extended *Bivens* to cover two additional constitutional claims: in *Davis v. Passman*, a former congressional staffer's Fifth Amendment claim of dismissal based on sex, and in *Carlson v. Green*, a federal prisoner's Eighth Amendment claim for failure to provide adequate medical treatment.

*Hernandez v. Mesa*, 589 U.S. 93, 99 (2020).

**<u>Claim 8</u>**

Plaintiff alleges that the VA has the sole authority to appoint a fiduciary for a veteran. But Plaintiff alleges the state court appointed Nevada Guardianship Services, and that the VA "allowed the State District Court to usurp that authority." He also alleges the VA should have held the appointment of any successor fiduciary in abeyance until after the court of appeals decides the issue. Given the caselaw cited above, this claim would extend *Bivens* in a new context. *Ziglar*, 582 U.S. at 136. Thus, the Court recommends that this claim be dismissed with prejudice.

**5. <u>42 U.S.C. § 12203</u>**

1

**Claim 9**

2    Plaintiff alleges he sued the VA in the past and, in turn, he was appointed as a fiduciary to

3    Sarnelli. Plaintiff maintains the VA has since placed him on the "do not appoint" list. In turn, he

4    claims that the VA discriminated against him or retaliated against him by placing him on that list.

5    As a result, he alleges defendants violated 42 U.S.C. § 12203 (Prohibition against retaliation and

6    coercion) and a miscellaneous provision of 42 U.S.C. §§ 12101 et. seq., also known as the

7    Americans with Disabilities Act of 1990 ("ADA"). Section 12203 is clear, however, in that it

8    applies to retaliatory actions taken as a result of an individual's opposition to any of the acts or

9    practices "made unlawful by this Act." 42 U.S.C. § 12203(a). Plaintiff has failed to identity any

10   claim made under the ADA which might give rise to a retaliation claim under § 12203. Indeed,

11   the retaliatory conduct he complains of is related to the fact that he previously sued the VA.

12   Therefore, the Court recommends that this claim be dismissed with prejudice.

13   **6. 31 U.S.C. § 6711**

14   **Claim 10**

15   Plaintiff alleges that based on claims 1-9, Judge Marquis, Aaron Ford, and several Jane

16   and John Does have violated 42 U.S.C. § 12203 and 31 U.S.C. § 6711.

17   As explained above, Plaintiff has failed to identity any claim made under the ADA which

18   might give rise to a retaliation claim under § 12203.

19   Turning to 31 U.S.C. § 6711, that statute provides: "[n]o person in the United States shall

20   be excluded from participating in, be denied the benefits of, or be subject to discrimination under,

21   a program or activity of a unit of general local government because of race, color, national origin,

22   or sex." Here, Plaintiff claims that Defendants discriminated against him "for attempting to

23   exercise his legal and lawful rights" and not based on one of those categories. As a result, the

24   Court recommends that this claim be dismissed with prejudice.

25   **7. Abstention concerns**

26   Several of Plaintiff's claims stem from what appears to be an ongoing guardianship

27   matter. Under the Supreme Court holding in *Younger*, however, generally, a federal court may not

28   intervene by injunction or declaratory judgment in a pending state matter. *Younger v. Harris*, 401

U.S. 37 (1971). *Younger* abstention is concerned with overlapping principles of equity, comity, and federalism and directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local court proceedings in certain situations. *See Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018); *Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004). While *Younger* doctrine has been extended to "particular state civil proceedings that are akin to criminal prosecutions . . . or that implicate a state's interest in enforcing the orders and judgments of its courts . . . ." *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 70 (2013) (citations and quotations omitted). This Court is not convinced, based on the allegations in the complaint, that interference with Plaintiff's ongoing state court proceedings would be warranted or appropriate. Plaintiff should be mindful of these restrictions should he seek to amend his complaint.

**IV.      Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and file Plaintiff's complaint (ECF No. 1-1).

**IT IS RECOMMENDED** that:

- Nevada Guardianship Services, LLC be dismissed as a Defendant with leave to amend.
- Plaintiff Nicholas Sarnelli be dismissed as Plaintiff without leave to amend.
- Claim 1 against Judge Marquis and Aaron Ford be dismissed with prejudice.
- Claim 2 against Legal Aid, Michael Kostrinsky, Sonja Jones, and Aaron Ford be dismissed with prejudice.
- Claim 3 against Michael Kostrinsky and Legal Aid be dismissed with prejudice.
- Claim 4 against Aaron Ford and Judge Marquis be dismissed with prejudice.
- Claim 5 against Judge Marquis and Aaron Ford be dismissed with prejudice.
- Claim 6 against individuals comprising the Nevada Commission of Judicial

Discipline be dismissed with leave to amend.

- Claim 7 against Judge Marquis and Michale Kostrinsky be dismissed with leave to amend.

- Claim 8 against the VA be dismissed with prejudice.

- Claim 9 against the VA be dismissed with prejudice.

- Claim 10 against Judge Marquis, Aaron Ford, and several Jane and John Does be dismissed with prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to amend, he must do so by October 7, 2024. If Plaintiff chooses to file a first amended complaint, he is advised that a first amended complaint supersedes (replaces) the original complaint and, thus, the first amended complaint must be complete in itself (his first amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit including those alleged in his original complaint). Failure to amend by the deadline may result in the case being dismissed.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 9, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE