**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Anthony Barone, Jr.,

     Plaintiff

v.

Aaron Ford, et al.,

     Defendants

Case No. 2:24-cv-00130-JAD-BNW

**Order Overruling Objections to Report and Recommendation, Denying Motion for Leave to Amend, and Dismissing Case**

ECF Nos. 11, 15

Pro se plaintiff Anthony Barone, Jr. filed this civil-rights lawsuit on behalf of himself and Nicholas Sarnelli, alleging that their constitutional rights were violated during guardianship proceedings in state court.[1] Barone can't represent Sarnelli's interests in this court because he's not a lawyer, so Sarnelli's claims were dismissed, and Barone's remaining claims were screened and dismissed with limited leave to amend.[2] Barone amended his pleading, the magistrate judge screened that amended complaint, and she recommends that it be dismissed in its entirety, with prejudice, because the facts of this case cannot support Barone's claims.[3] Barone objects and moves for leave to file a proposed second amended complaint.[4]

Having carefully considered Barone's objection and motion for leave to amend, I overrule his objections, deny his request to file a second amended complaint, adopt the magistrate judge's report and recommendation, and dismiss this case with prejudice.

---

[1] ECF No. 1-1.

[2] ECF No. 10.

[3] ECF No. 11.

[4] ECF No. 15.

**Background**

**I.      Barone loses his appointment as his nephew's legal guardian.**

More than a decade ago, Barone was appointed as the Guardian of Person and Estate for his nephew, Nicolas Allen Sarnelli, who suffered a traumatic brain injury while serving in the United States Navy.  In 2019, "[t]he Clark County District court ordered the appointment of" attorney Michael Kostrinsky from Legal Aid Services of Southern Nevada, LLC, to represent Sarnelli, without any input from Barone.[5]  On November 20, 2020, Eighth Judicial District Court Judge Linda Marquis issued subpoenas for Barone's personal bank records without notice to Barone.[6]  She also appointed a financial auditor.[7]  And though Kostrinsky "campaigned to remove" Barone as Sarnelli's guardian, Kostrinsky never even communicated with Sarnelli, Barone alleges.[8]

Barone filed a motion seeking Judge Marquis's recusal, and Kostrinsky opposed it, which Barone theorizes "at the least" made Kostrinsky "the de facto attorney for Marquis," and at worst constituted "bribery of a judicial officer."[9]  The motion was denied—"in error," Barone claims.[10]

Judge Marquis then ordered Barone to produce receipts for expenditures that could not be provided, "setting an impossible bar to meet in order to approve the annual accounting before the court."[11]  The judge invited Kostrinsky to file anything "he wished," and he soon moved to

---

[5] ECF No. 14 at 5.

[6] *Id.*

[7] *Id.* at 7.

[8] *Id.*

[9] *Id.* at 10 (cleaned up).

[10] *Id.* at 11.

[11] *Id.*

remove Barone from his guardianship role.[12]  Although Barone had witnesses lined up for the hearing on that motion, the judge summarily granted the motion two hours before the scheduled hearing and canceled it.  In Barone's place, Susan Hoy and Kim Boyer from Nevada Guardian Services, LLC were appointed on November 10, 2022, only to resign as guardians a year later. [13]

Fed up with being falsely accused "of various derogatory, criminal, and evil acts," Barone filed a defamation and civil-conspiracy action in state court, but it was dismissed based on litigation privilege.[14]  He filed the instant civil-rights lawsuit on January 18, 2024, on behalf of himself and Sarnelli and against Nevada's Attorney General Aaron Ford, Judge Marquis, attorney Michael Kostrinsky and the Legal Aid Center of Southern Nevada, the United States Department of Veterans Affairs, and Nevada Guardian Services, LLC.[15]

**II.  After screening Barone's original and amended complaint, the magistrate judge recommends dismissal with prejudice.**

Because Barone applied for pauper status, his complaint was screened by the magistrate judge.  She recommended that the claims of Sarnelli be dismissed because Barone, who is not an attorney, cannot legally represent another person in this court.[16]  She also recommended that most claims be dismissed with prejudice as legally untenable, and that Barone be given leave to amend his due-process and equal-protection claims against Judge Marquis and Kostrinsky if he could provide the facts necessary to cure the deficiencies in those claims, and to allege any claim

---

[12] *Id*.

[13] *Id*. at 13.

[14] *Id*. at 15.

[15] ECF No. 1-1.

[16] ECF No. 3 at 3.

against Nevada Guardianship Services, as he had not yet alleged any facts against it.[17]

Barone filed a first amended complaint—again on behalf of himself and Sarnelli.[18] He also added new defendants Boyer and Hoy, plus Sonja Jones and Matthew Carling. He identifies six claims, including new claims for perjury, "conspiracy against rights," and exploitation of a protected person.[19] The magistrate judge screened the amended complaint and recommends that it be dismissed in its entirety with prejudice because it does not state any colorable claims, despite the fact that Barone has been given the opportunity to amend with instructions.[20]

Barone offers eight objections to this recommendation:[21]

Objection # 1: He argues that he has long represented the interests of Sarnelli and should be able to do so in this court, too. He cannot afford to hire an attorney for this purpose, and it is unfair to deprive Sarnelli of Barone's representation here.[22]

Objection #2: He argues that the claims against Judge Marquis are not barred by judicial immunity because her issuance of a subpoena for his bank records was "tied to no ligament 'judicial duties'" and violated his right to privacy.[23]

Objection # 3: His conspiracy-against-rights claim should be permitted to proceed under 42 U.S.C. § 1985(3).[24]

---

[17] *Id.* at 10–11. Barone objected to that recommendation, ECF No. 6, but his objections were overruled and the recommendation was adopted. ECF No. 10.

[18] ECF No. 9.

[19] *Id.*

[20] ECF No. 11.

[21] ECF No. 14.

[22] *Id.* at 16–17.

[23] *Id.* at 18.

[24] *Id.* at 20.

Objection # 4: The magistrate judge was wrong to conclude that Barone has not identified a property interest for his due-process claim because he had a property interest in remaining his nephew's guardian, and his removal deprived Sarnelli "of a significant amount of funds distributed from [Sarnelli's] estate."[25]

Objection # 5: It would be premature to dismiss his amended civil-conspiracy claim for a lack of meeting of the minds without letting him cure this admitted deficiency.

Objection # 6: He should be permitted to sue Clark County because it, along with the State of Nevada, "maintains a system of bias and prejudices towards Pro Se litigants," which Barone claims he can show with "clear and convincing evidence."[26]

Objection # 7: He should be able to maintain his due-process and equal-protection claims against Clark County because the court presiding over his defamation case failed to address his conspiracy claims and "simply ignored" them, though he "was entitled to have all the claims in his complaint considered."[27]  Additionally, the state-court clerk violated Nevada Rule of Civil Procedure 55 by failing to enter default in that case.[28]  And the magistrate judge "misunderstood or mischaracterized" his claim against Marquis and Kostrinsky: what Barone claims is that "[i]t was the intentional misrepresentation that the court would not hear the matter because Barone's filing allegedly failed to contain a hearing designation," which was not true and shows Marquis's "'protectionism' of Kostrinsky," "evidencing" bribery.[29]

Objection # 8: Barone should be permitted to amend his due-process claim against

---

[25] *Id*. at 23 (cleaned up).

[26] ECF No. 14 at 25.

[27] *Id*. at 26.

[28] *Id*. at 27.

[29] *Id*. (cleaned up).

5

Kostrinksy and Jones because he had not been given a statement of the complaint's deficiencies.[30]

And in a further effort to keep this case going, Barone, in a separate motion, seeks leave to file a second amended complaint.[31]

**Analysis**

**I.      Non-lawyer Barone can't represent Sarnelli's interests.**

Barone first objects to the magistrate judge's repeated insistence that he cannot represent the legal interests of his nephew, Mr. Sarnelli, in this court.  This may seem unfair, considering that Barone and Sarnelli lack the financial resources to hire counsel for Mr. Sarnelli.  But it is the rule in this circuit that "[w]hile a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself."[32]  This rule has been consistently applied to guardians, administrators of estates, trustees, executors, and anyone else seeking to represent the interests of anyone but himself.[33]  And while 28 U.S.C. § 1654 establishes the right to represent oneself in federal court, "[i]t is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities."[34]  So Barone's objection to the magistrate judge's ruling that he may not represent Mr. Sarnelli is overruled.

---

[30] *Id*. at 29–30.

[31] ECF No. 15.

[32] *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).

[33] *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) (collecting cases).

[34] *Id*. at 664.

**II.      Barone's Amended Claim 1 against Judge Marquis is barred by judicial immunity.**

The magistrate judge concluded that Barone's due-process claim against Judge Marquis in amended claim one is barred by the doctrine of judicial immunity.[35]  Barone's second objection is that this claim is not barred by judicial immunity because the judge's issuance of a subpoena for his bank records was "tied to no ligament 'judicial duties'" and violated his right to privacy.[36] Barone underestimates the breadth of a judge's judicial duties and immunity from suit.

"Absolute immunity is generally accorded to judges . . . functioning in their official capacities."[37]  "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in [her], shall be free to act upon [her] own convictions, without apprehension of personal consequences."[38]  While this immunity "covers only those acts [that] are 'judicial' in nature," a judge "will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority; rather [s]he will be subject to liability only when [s]he acted in the clear absence of all jurisdiction."[39]

The Ninth Circuit's decision in *Shucker v. Rockwood* illustrates the wide reach of judicial immunity.[40]  In *Schucker*, a plaintiff tried to evade judicial immunity's absolute bar, arguing that the offending judge was civilly liable for "misinterpret[ing] a statute[,] erroneously

---

[35] *See generally* ECF No. 11.

[36] ECF No. 14 at 18.

[37] *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (citing, *inter alia*, *Stump v. Sparkman*, 435 U.S. 349, 364 (1978)).

[38] *Bradley v. Fisher*, 13 Wall. 335, 347 (1872).

[39] *O'Neil v. City of Lake Oswego*, 642 F.2d 367, 369 (9th Cir. 1981) (citing *Stump*, 435 U.S. at 360–64).

[40] *Schucker v. Rockwood*, 846 F.2d 1202 (9th Cir. 1988).

exercis[ing] jurisdiction, and thereby act[ing] in excess of his jurisdiction."[41]  In upholding dismissal of the plaintiff's claims, the *Schucker* court noted that "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of [absolute] immunity."[42]  And it found that, even assuming that the judge's "assumption of jurisdiction was 'in excess of his jurisdiction,' the act was not done 'in the clear absence of jurisdiction.'"[43]

The act on which Barone's amended claim one is based is Judge Marquis's issuance of subpoenas for Barone's personal bank records without affording him the notice required by the Nevada Rules of Civil Procedure.[44]  Even if that act was erroneous, it was still squarely judicial in nature, and it cannot be said that it was done in the clear absence of jurisdiction.  So the magistrate judge was right to recommend dismissal of claim one, and Barone's second objection is overruled.

### III.    Barone's objections to the magistrate judge's recommendation to dismiss claim two are without merit.

In claim two, Barone theorizes that Judge Marquis, Kostrinsky, and Jones engaged in a conspiracy to remove him as Mr. Sarnelli's guardian.  This was mainly done, he alleges, with falsified documents and fabricated figures in an audit.[45]  He labels this claim "Conspiracy, Violations of Due Process, Perjury & Conspiracy Against Rights."[46]

The magistrate judge liberally construed this claim as one for conspiracy to violate due

---

[41] *Id.* at 1204.

[42] *Id.*

[43] *Id.*

[44] ECF No. 9 at 9.

[45] *Id*. at 10.

[46] *Id*. at 9.

process under 42 U.S.C. § 1983 and recommends dismissing it for several reasons.[47]  As to Judge Marquis, it is barred by judicial immunity.  It is also devoid of facts to show a meeting of the minds, and it fails to state what liberty or property interest Barone was deprived of.  And it lacks facts to support any notion that either Jones or Kostrinsky was responsible for any conspiratorial act, as it was Judge Marquis who ordered the audit and removed Barone as guardian.[48]  Barone's objections 3–5 relate to these conclusions.

Barone's fourth objection is that the magistrate judge was wrong to conclude that he has not identified a property interest to support this due-process claim.  He offers two: his own interest in remaining his nephew's guardian, and his nephew's interest in not having to pay the court-appointed professional-services providers "from his estate."[49]  "A protected property interest is present [if] an individual has a reasonable expectation of entitlement deriving from 'existing rules or understandings that stem from an independent source such as state law.'"[50]  Barone offers no rules, understandings, or state law that would support the proposition that he had a due-process property right to continue in the role of Sarnelli's guardian.  And to the extent that the property right he relies on is Sarnelli's right not to have his estate's coffers depleted, that right belongs exclusively to Sarnelli, not Barone.  So Objection #4 is overruled.

Barone can't reframe this claim under 42 U.S.C. § 1985(3), as he argues in Objection #3, because that statute allows conspiracy claims only by members of a protected class when there's "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the

---

[47] ECF No. 11 at 6.

[48] *Id*. at 6–7.

[49] *Id*. at 23 (cleaned up).

[50] *C. R. v. Seattle Pub. Schs*., 693 F. App'x 505, 506 (9th Cir. 2017) (quoting *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994)).

conspirators' action,"[51] and Barone has alleged no such facts here. So his third objection is overruled. And because this claim fails for lack of a protected property interest, I need not reach Barone's additional Objection #5 that it would be premature to dismiss this claim for a lack of meeting of the minds without letting him cure this admitted deficiency.

## IV.    Barone's claims against Clark County fail because they are misdirected or unsupported.

In his fourth claim, Barone sues Clark County for "Discrimination, Deprivation of the Equal Protections of Law and Denial of Due Process of Law." He alleges that "the Clark County Judicial system has exhibited a continued prejudice towards" him because the judge in his civil-defamation case "prematurely dismissed" his complaint, and the County Clerk ignored the rules of civil procedure by not entering default against Mathew Carling.[52] The magistrate judge recommends dismissing this claim because the allegations state causes of action against the judge and the county clerk only, not against the county itself. She liberally construed the claim as one against the judge and the clerk, and those claims are barred by judicial immunity.[53]

Barone's sixth objection is that he should be permitted to sue Clark County itself because it, along with the State of Nevada, "maintains a system of bias and prejudices towards Pro Se litigants," which Barone claims he can show with "clear and convincing evidence."[54] But Barone's theory is too conclusory to permit him to proceed with such a claim against the County. He does not allege any facts to evidence such a "system of bias and prejudices," as the facts he

---

[51] *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 829, 834 (1983) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102–103 (1971)).

[52] ECF No. 9 at 13.

[53] ECF No. 11 at 8.

[54] ECF No. 14 at 25.

alleges relate only to his own case and a small set of events that occurred within that case. He also has not pointed to any additional true facts that he could allege to support such a claim against the county. When a court is evaluating the sufficiency of a pleading, U.S. Supreme Court authority requires it to disregard purely legal conclusions and conclusory statements,[55] yet that's all Barone has to support this claim. So Barone's objection that he should be permitted to maintain his fourth claim for relief against the county is overruled.

In his first Objection #7,[56] Barone adds that it was "premature to conclude that the Clerks [sic] actions are entitled to immunity."[57] Again, Barone underestimates the reach of judicial immunity. His allegation against the county clerk is that Nevada Rule of Civil Procedure 55(a) required her to enter default against a party, but she failed to perform that function of her job.[58] "Court clerks have absolute quasi-judicial immunity from damages for civil-rights violations when they perform tasks that are an integral part of the judicial process."[59] The entry of a party's default under Rule 55 is squarely within the clerk's duties that are integral to the judicial process.[60] It was thus not premature for the magistrate judge to conclude that this claim is barred against the clerk, so Barone's objection in this regard is overruled.

---

[55] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[56] Barone lodged two objections labeled "Objection #7." *See* ECF No. 14 at 26 & 27.

[57] *Id*. at 27.

[58] ECF No. 9 at 14.

[59] *Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021) (quoting *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987)) (cleaned up).

[60] *See, e.g.*, *Mullis*, 828 F.2d at 1390 (finding that failure to provide notice as required by the Bankruptcy Code, accepting and filing an incomplete petition, and refusing to accept an amended petition were "basic and integral part[s] of the judicial process"); *Acres Bonusing*, 17 F.4th at 916 (holding that court clerk's issuance of an improper summons and rejection of a filing were "an integral part of the judicial process" for which the clerk was "entitled to absolute immunity").

11

**V.      Claim 5 is too conclusory and speculative to state a claim.**

In his fifth claim for relief, Barone sues Kostrinsky, Jones, and Judge Marquis for "Conspiracy against Rights, Violations of Due Process, and Denial of Equal Protections of the Law."[61]  This claim is founded upon the salacious allegation that Legal Aid attorney Kostrinsky bribed Judge Marquis to get her to initiate a many-step judicial process of removing Barone as Sarnelli's legal guardian.[62]  The magistrate judge recommends dismissing this claim because it is largely founded on a criminal statute that does not give rise to a private right of action, and judicial immunity bars the claim against Judge Marquis.  Plus, the facts alleged—stripped of any conclusory assumptions—fail to state any such claim.[63]

In his second Objection #7, Barone objects that the magistrate judge "misunderstood or mischaracterized" this claim against Marquis and Kostrinsky, as what Barone claims is that "[i]t was the intentional misrepresentation that the court would not hear the matter because Barone's filing allegedly failed to contain a hearing designation," which was not true and shows Marquis's "'protectionism' of Kostrinsky,'" "evidencing" bribery.[64]  Barone adds in Objection # 8 that, to the extent that he has not sufficiently explained how this conduct violated his due-process and equal-protection rights, "the proper remedy here would be" to allow him to file a second amended complaint.[65]

Even with this clarification, this claim fails because it is built on far too many inferences that are unsupported by facts.  This claim is founded on two factual premises.  First, Barone

---

[61] ECF No. 9 at 16.

[62] *Id*. at 16–19.

[63] ECF No. 11 at 9–10

[64] ECF No. 14 at 28 (cleaned up).

[65] *Id*.

merely postulates that bribery is the only explanation for the judge stating that she would not conduct a hearing on Barone's filing because it allegedly failed to contain a hearing designation, which was not true. "After all, what other reason could there be for a Judge to misrepresent the clear record in this case, as it exists on the Clark County courts [sic] own docketed website," he queries.[66] Secondly, Barone characterizes Kostrinsky's act of opposing Barone's motion for Judge Marquis's recusal as "essentially Defendant Kostrinsky provid[ing] legal representation services to" Judge Marquis—a benefit that "amounted to bribery: offering something of value [legal services] in exchange for favorable treatment."[67]

While Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, a properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face." The facts alleged must raise the claim "above the speculative level."[68] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[69]

Barone's theory that Judge Marquis didn't give him a hearing because she was bribed is wholly speculative, and it does not permit this court to infer more than the possibility of misconduct. His factual premise that Kostrinsky was "bribing" the judge and providing her with "legal representation" by opposing Barone's motion for her recusal misunderstands the normal course of the adversarial process: frequently, one party or the other is in the position of defending the judge's rulings.

---

[66] ECF No. 14 at 28.

[67] ECF No. 9 at 16 (cleaned up).

[68] *Iqbal*, 556 U.S. at 678.

[69] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

While Rule 15 of the Federal Rules of Civil Procedure counsels for liberal amendment opportunities, this rule "does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal."[70]  In light of the erroneous and wholly speculative nature of the theories underlying this claim, I find that amendment would be an exercise in futility.  So Barone is not entitled to leave to amend this claim.  Barone's objections to the magistrate judge's recommendation to dismiss claim five are thus overruled.

### VII.    Barone has not shown that his proposed second amended complaint cures the problems with his first, so his motion to file it is denied.

Finally, I note that Barone has submitted a motion for leave to file a second amended complaint.  He states that additional events that have occurred since he filed his first amended complaint "lend support" to his claims and he believes that his 46-page proposed second amended complaint "addresses some of the issues" in the magistrate judge's report and recommendation.  Barone does not tell me which issues or identify the changes made or how they remedy the deficiencies in his previous pleadings, however.  Based on my review of the proposed second amended complaint, it does not appear that the supplemental information cures the problems with the first amended complaint that caused the magistrate judge to recommend wholesale dismissal with prejudice and without leave to amend.  So I deny the motion for leave to amend and dismiss this case with prejudice and without leave to amend.

---

[70] *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (*Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)).

**Conclusion**

This court is genuinely sympathetic to the frustration that Barone is experiencing in being stripped of his longtime role as his nephew's legal guardian.  No doubt, this situation is personal and painful.  But the circumstances of which Barone complains in this case simply don't give rise to actionable constitutional claims for relief on his part.  This is exclusively the type of situation that the state-court appellate process is designed to address.

IT IS THEREFORE ORDERED that the magistrate judge's report and recommendation **[ECF No. 11] is ADOPTED**, and Barone's objections to it **[ECF No. 14] are OVERRULED**. **Barone's claims** in his first amended complaint **[ECF No. 9] are DISMISSED with prejudice and without leave to amend.**

IT IS FURTHER ORDERED that Barone's motion for leave to file a second amended complaint **[ECF No. 15] is DENIED.**  The Clerk of Court is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
June 4, 2026